IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

**Adrian Sharon Easley**                                              **Plaintiff**

**No. 1:14-CV-00002-JTR**

**Carolyn W. Colvin, Acting Commissioner,**                **Defendant**
**Social Security Administration**

## MEMORANDUM AND ORDER

Adrian Sharon Easley seeks judicial review of the denial of her application for social security disability benefits.[1] Easley worked for Medallion Foods for seven years.[2] During that time, she experienced recurring bouts of pancreatitis. After a week-long hospitalization,[3] Easley applied for disability benefits. She based disability on chronic pancreatitis.[4] She claims disability beginning at age 26.

**The Commissioner's decision**. After considering the application, the Commissioner's ALJ determined Easley has severe impairments — pancreatitis,

---

[1] SSA record at pp. 344 & 349 (applying for disability benefits on Oct. 5, 2010 and alleging disability beginning Aug. 9, 2010)

[2] *Id*. at pp. 373, 392 & 401.

[3] *Id*. at p. 830 (discharge summary for hospitalization for acute pancreatitis, gastritis, chronic alcoholism, and type 2 diabetes, from Aug. 11, 2010 to Aug. 19, 2010).

[4] *Id*. at p. 400.

obesity, and diabetes mellitus[5] — but she can do some light work.[6] Because a vocational expert identified available light work,[7] the ALJ concluded that Easley is not disabled under the Social Security Act and denied the application.[8]

After the Commissioner's Appeals Council denied a request for review,[9] the decision became a final decision for judicial review.[10] Easley filed this case to challenge the decision.[11] In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[12]

---

[5]*Id.* at p. 199.

[6]*Id.* at p. 200.

[7]*Id.* at pp. 277-78.

[8]*Id.* at p. 209.

[9]*Id.* at p. 1.

[10]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the appeal procedure permits claimants to appeal only final decisions).

[11]Docket entry # 1.

[12]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

**Easley's arguments**. Easley challenges the determination that she can do some light work. She contends the combined effects of pancreatitis, obesity, and diabetes mellitus — especially, periodic flare-ups of pancreatitis — prevent her from working. She complains about the ALJ's reliance on non-compliance because (1) she says no doctor has indicated her condition can be controlled with diet and medication, and (2) she lacks the financial resources for treatment. For these reasons, she maintains substantial evidence does not support the decision.[13]

**Applicable legal principles**. For substantial evidence to support the decision, a reasonable mind must accept the evidence as adequate to show Easley can do some light work.[14] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."[15] The ALJ reduced light work by requiring work involving occasional ramp/stair climbing, balancing, stooping, crouching, and crawling, and no ladder/rope/scaffold climbing.[16] The court must determine whether Easley can work within these limitations.

When Easley applied for disability benefits, she experienced recurring flare-

---

[13]Docket entry # 11.

[14]*Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990).

[15]20 C.F.R. §§ 404.1567(b) & 416.967(b).

[16]SSA record at p. 200.

<a>ups of pancreatitis. "Pancreatitis is an inflammation of the pancreas, an organ that is important in digestion. Pancreatitis can be acute (beginning suddenly, usually with the patient recovering fully) or chronic (progressing slowly with continued, permanent injury to the pancreas)."[17]  Doctors have included chronic pancreatitis in their diagnoses, but specialists have never confirmed chronic pancreatitis. Specialists found no evidence of chronic pancreatitis.[18]</a>

Flare-ups of acute pancreatitis are well-documented. Easley's doctors — including the doctor who treated her since birth — attributed many flare-ups to chronic alcoholism.[19]  Alcoholism is a common cause of pancreatitis.[20]  Doctors

---

[17]Rosalyn Carson-DeWitt & Laura Jean Cataldo, 5 The Gale Encyclopedia of Med. 3265 (4th ed.).

[18]SSA record at p. 1105 (Sept. 15, 2010, per gastroenterologist, computed tomography scans and ultrasounds show no evidence of chronic pancreatitis), p. 1210 (Nov. 1, 2010, per second gastroenterologist, for chronic pancreatitis, "I am not completely sure that this is chronic pancreatitis."), p. 1211 (Nov. 5, 2010, per second gastroenterologist, "The bile duct was normal therefore [I] doubt the diagnosis of chronic pancreatitis. Normally [I] would expect an atrophied pancreas with a dilated pancreatic duct if she were to have chronic pancreas." & p. 1217 (Jan 17, 2011, per second gastroenterologist, "She has no evidence of pancreatitis. She likely has [irritable bowel syndrome].").

[19]*Id.* at p. 1238 (July 26, 2007) ("both episodes of epigastric pain began after drinking alcohol"); p. 553 (Jan. 12, 2010) ("she has had a history of chronic alcoholism although she denies drinking alcohol. History from family members was that she continues to drink."); p. 721 (Mar. 26, 2010) (diagnosing "acute pancreatitis" and "chronic alcoholism"); p. 717 (Mar. 28, 2010) ("Patient with history of chronic alcoholism, and alcoholic pancreatitis strongly suspected although the patient denies any alcohol intake."); p. 831 (Aug. 11, 2010) (assessing "Recurrent acute pancreatitis:

warned Easley about drinking alcohol, but suspected Easley continued to drink. Despite Easley's denials, there is overwhelming medical evidence in the record that her bouts of pancreatitis were caused by drinking alcohol.[21]

The ALJ emphasized noncompliance with treatment: "There is no showing that the claimant's recurrent pancreatitis/gastrointestinal problems and diabetic conditions cannot be controlled adequately if the claimant will maintain the necessary physician-patient relationship and adhere to the medication and dietary regiment suggested [by] her treating physicians. The medical evidence of record indicates the claimant's symptoms are relieved fairly quickly when medication is administered at the emergency room."[22]

While the ALJ acknowledged medical records that documented Easley's suspected alcohol abuse and its connection with her flare-ups of pancreatitis, he did not engage the question of her alcohol abuse in his five-step analysis. It is unclear whether Easley's flare-ups of pancreatitis, including hospitalizations, would continue

---

The patient with a history of chronic alcoholism, alcoholic pancreatitis.").

[20]Rosalyn Carson-DeWitt & Laura Jean Cataldo, 5 The Gale Encyclopedia of Med. 3265 (4th ed.).

[21]SSA record at pp. 717-18 (suspect alcoholic pancreatitis although she denies alcohol intake), p.831 (strongly suspect alcoholic pancreatitis although she denies alcohol intake) & p. 1104 (some question exists about whether she continues to drink).

[22]SSA record at p. 207.

if Easley maintained her diet and medications as recommended by her doctors, but continued to abuse alcohol.[23] The ALJ must ensure that he considers whether Easley is disabled, first after *including* the effects of her alcohol-abuse in the five-step analysis. *See Brueggemann v. Barnhart*, 348 F.3d 689, 693 (8th Cir. 2003). *If* the ALJ determines that she is disabled, after including the effects of alcohol abuse, then he must then determine whether alcoholism is a contributing factor material to the determination of disability. *Id.* On remand, the ALJ must follow the regulatory procedure outlined in *Brueggemann v. Barnhart* in assessing Easley's RFC.

**Conclusion**. The ALJ's decision is not supported by substantial evidence. The court GRANTS Easley's request for relief (docket entry #2) and REVERSES the Commissioner's decision. This matter is REMANDED to the Commissioner for further proceedings pursuant to "sentence four," within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

---

[23] Easley testified that she "wasn't drinking anymore," and that she last drank "long ago." SSA record at pp. 259-60. If the ALJ credited that testimony and intended to find that Easley's pancreatitis was not related to her drinking, he should explain so in his decision.

It is so ordered this 13th day of March, 2015.

_____
United States Magistrate Judge